[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

No. 07-14678

_____

D. C. Docket No. 04-02523-CV-CAP-1

EXECUTIVE RISK INDEMNITY INC.,

Plaintiff-Counter
Defendant-Appellant,

versus

AFC ENTERPRISES INC.,
FRANK J. BELATTI,
GERALD J. WILKINS,
DICK R. HOLBROOK,

Defendants-Counter
Claimants-Appellees,

SAMUEL N. FRANKEL,
MARK J. DORAN,
PAUL FARRAR,
MATT L. FIGEL,
PETER STARRETT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 28, 2008)**

Before CARNES and MARCUS, Circuit Judges, and BUCKLEW,[*] District Judge.

PER CURIAM:

In this insurance case, Executive Risk Indemnity Inc. ("Executive Risk") appeals from a final judgment entered by the United States District Court for the Northern District of Georgia, after a bench trial, awarding AFC Enterprises Inc. $24,295,890.40 in damages for breach of contract.

Executive Risk makes four basic claims on appeal. First, it says the district court erred in finding that AFC made no material misrepresentations in connection with the renewal of an insurance policy. Second, it claims that the trial court abused its discretion in denying its motion to compel discovery from AFC's accountant, KPMG. Third, it contends that the court abused its discretion in denying its motion to amend the complaint. Finally, it argues that the district court erred in concluding that Executive Risk was not entitled to an allocation of the losses incurred by AFC in settling a number of securities and derivative lawsuits in 2003 ('the underlying actions"). After review, we affirm the judgment of the district court based on its thorough and well-reasoned opinion of September 21, 2007.

As to the question of allocation, however, we add this observation. Pursuant

_____

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

to the terms of the insurance policy, Executive Risk can seek an allocation only where both "Loss covered by this Policy and Loss not covered by this Policy are incurred," that is, either (1) where "a Claim made against the Insureds includes both covered and uncovered matters," or (2) where "a Claim is made against both Insureds and others not included within the definition of 'Insured.'"[1] Neither circumstance is presented in this case. There is no dispute that the "claims" raised in the underlying actions involved <u>only</u> covered "matters." Moreover, it is undisputed that all of the underlying actions were raised against "Insured" persons or entities. On this policy, Executive Risk is not entitled to an allocation of the settlement losses.

Accordingly, we affirm.

AFFIRMED

---

[1] In pertinent part, the policy states:

> <u>If both Loss covered by this Policy and Loss not covered by this Policy are incurred</u>, either because a Claim made against the Insureds includes both covered and uncovered matters, or because a Claim is made against both Insureds and others not included within the definition of "Insured" . . . , [the Insureds] agree to use their best efforts to determine a fair and proper allocation of all such amounts. . . . In the event that an allocation cannot be agreed to, then [Executive Risk] shall be obligated to make an interim payment of the amount of Loss, Including Defense Expenses, which the parties agree is not in dispute until a final amount is agreed upon or determined pursuant to the provisions of this Policy and applicable law.

The Policy § V, ¶ (B)(5) (emphasis added).